UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| SIERRA SPENCER, individually and as Co-Administrator of the Estate of GENEVA ROSE SPENCER, deceased, and as Next Friend of A.D.M., A.L.M., J.M., and S.M, *et al.*,<br><br>Plaintiffs,<br><br>V.<br><br>KEENAN McLAUGHLIN, *et al.*,<br><br>Defendants. | CIVIL ACTION<br>NO. 5:14-458-KKC<br><br><br><br>OPINION & ORDER |

*** *** ***

This matter is before the Court on the motion for summary judgment filed by defendants Sheriff Tony Hampton, individually and in his official capacity as Scott County Sheriff, and Deputy Jeremy Johnson, individually and in his official capacity as a deputy sheriff with the Scott County Sheriff's Office, collectively known as "Scott County defendants." (DE 39).

For the reasons that follow, the Scott County defendants' motion will be granted as to the plaintiffs' claim brought under 42 U.S.C. § 1983. Additionally, the plaintiffs' state law claims against all defendants will be dismissed without prejudice.

I. Background

On January 14, 2014, Deputy Johnson pursued suspect Keenan McLaughlin in an automobile chase after the suspect sold heroin to an informant. Deputy Johnson's siren was malfunctioning, so he only activated the lights on the cruiser during the chase. Shortly after Deputy Johnson allegedly decided to terminate the chase, McLaughlin crashed head-on into the vehicle of Geneva Rose Spencer. McLaughlin fled from the scene. Deputy Johnson

1

approached the scene of the crash and called for emergency services, but Spencer died while hospitalized.

The plaintiffs[1] brought suit against the Scott County defendants alleging a violation of 42 U.S.C. § 1983 and asserting Kentucky state law claims against the Scott County defendants, McLaughlin, and Stephen Sheffield, who the plaintiffs allege loaned McLaughlin his car. The Scott County defendants have moved for summary judgment, arguing in part that they are immune from suit on the plaintiffs' § 1983 claim.

## II.     Analysis

### A.  Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, entry of summary judgment is mandated, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When a defendant moves for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

"Credibility judgments and weighing of the evidence are prohibited during the consideration of a motion for summary judgment; rather, the evidence should be viewed in the light most favorable to the non-moving party." *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th

---

[1] The plaintiffs are: Sierra Spencer, individually, as co-administrator of the estate of Geneva Rose Spencer, and as next friend of A.D.M, A.L.M., J.M., and S.M.; and Pete Spencer, as co-administrator of the estate of Geneva Rose Spencer. (DE 1-1).

Cir. 1999) (citing *Anderson*, 477 U.S. at 255). Based on this standard, "any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true." *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004).

**B. Plaintiffs' Claims**

**1. 42 U.S.C. § 1983**

The plaintiffs assert that the conduct of the Scott County defendants violated 42 U.S.C. § 1983 by infringing upon Spencer's rights under the Fourth Amendment and under the Due Process Clause of the Fourteenth Amendment. The Scott County defendants have argued that they are immune from suit in their individual and official capacities. Relevant case law provides adequate grounds for the Scott County defendants to claim immunity, and thus, their motion for summary judgment will be granted on the plaintiffs' § 1983 claim.

The plaintiffs' Fourth Amendment argument can be dealt with in short order. Because the Fourth Amendment covers only "searches and seizures," and neither took place here, *see Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998), the Court will grant the Scott County defendants' motion for judgment as a matter of law against the plaintiffs' claim under this theory. Now, the Court will turn to an analysis of the plaintiffs' claim under the rubric of substantive due process under the Fourteenth Amendment.

When determining whether qualified immunity applies, it is necessary to determine if a constitutional right has been violated and if that right was clearly established at the time. *See Pearson v. Callahan*, 555 U.S. 223, 239 (2009); *Anderson v. Creighton*, 483 U.S. 635, 648 (1987); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

As the United States Court of Appeals for the Sixth Circuit has explained, "[a]s of January 18, 2002, it was clearly established that a police officer's conduct during the course of a high-speed pursuit could violate the substantive due process rights of persons injured during the pursuit." *Meals v. City of Memphis*, 493 F.3d 720, 729 (6th Cir. 2007). Moreover, "[t]he Supreme Court has held that the Due Process Clause of the Fourteenth Amendment includes within its boundary 'protection of the individual against arbitrary action of government.'" *Id.* However, "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense' thus amounting to a violation of constitutional dimensions." *Id.* at 730. (internal quotation marks omitted).

In *Meals*, the Sixth Circuit further elaborated that "[a] § 1983 claim may be brought against a police officer under the Fourteenth Amendment for death or injury to innocent third parties where the injury results from the pursuit." *Id.* However, "[t]o prevail on such a claim, a plaintiff must prove that the police officer's conduct 'shocks the conscience.'" *Id.*

Even when law enforcement inadvertently causes harm in the pursuit of a suspect, "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Lewis*, 523 U.S. at 836. Conduct that flagrantly and brutally violates liberties is said to shock the conscience. *See Rochin v. California*, 342 U.S. 165, 172 (1952) (The Supreme Court coined the phrase when describing the behavior of officers who illegally broke into a suspect's home, pinned him down, and forcibly pumped his stomach to prove morphine possession. This was characterized as "methods too close to the rack and the screw to permit of constitutional differentiation.").

Even when the facts are viewed in the light most favorable to the plaintiffs, the conduct of the Scott County defendants did not result in a violation of Spencer's constitutional rights.

In this case, the harm stemmed from the conduct of the suspect rather than the officer, and the vehicular pursuit of McLaughlin did not fall outside the legitimate means for apprehending a suspect.

Although the outcome was undeniably tragic, Deputy Johnson's behavior did not shock the conscience because there was not a flagrant violation of the victim's liberties on the part of law enforcement. See *Lewis*, 523 U.S. at 855 (The Supreme Court held that vehicular pursuit of a lawlessly behaving suspect did not shock the conscience and that it should not be considered the catalyst for a suspect's crass indifference to the safety of other motorists.). Consequently, Deputy Johnson is entitled to qualified immunity.

Moreover, the malfunctioning siren does not make Deputy Johnson liable for an alleged § 1983 violation. KRS 189.940 establishes the conditions for when law enforcement and emergency personnel are exempted from traffic regulations, but "a state actor's failure to follow *state* procedures does not necessarily establish a *federal* due process violation." *Partin v. Davis*, 675 F. App'x 575, 580 (6th Cir. 2017) (emphasis in original). The Due Process Clause of the Fourteenth Amendment forbids the state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, Deputy Johnson is not liable for the actions of the suspect who crashed into the decedent's vehicle. Consequently, Deputy Johnson's choice to pursue the suspect despite the cruiser's malfunctioning siren does not constitute a due process clause violation.

Sheriff Hampton is also not liable under § 1983 because "§ 1983 liability must be based on more than respondeat superior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In order for a supervisory defendant to liable for a § 1983 violation, the defendant must have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cty.*, 668 F.2d 869, 874 (6th Cir. 1982). As previously noted, Deputy Johnson is not responsible for a constitutional violation. Thus,

Sheriff Hampton may also claim immunity. Further, no evidence presented leads the Court to conclude that Sheriff Hampton implicitly authorized or approved of the vehicular pursuit. Consequently, Sheriff Hampton is not constitutionally liable for the calamitous outcome.

In addition, the Scott County defendants are entitled to immunity in their official capacities. Section 1983 actions against local officials are tantamount to actions against the municipality. *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). If defendants acting in their individual capacities have not committed a constitutional violation, then "municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001). Because the Court has already determined that the Scott County defendants are not liable in their individual capacities, they are also not liable in their official capacities for the alleged § 1983 violation.

Finally, the plaintiffs' § 1983 claim against unknown defendants will be dismissed without prejudice. *See Jackson v. Steele*, No. 11-cv-72-DLB-EBA, 2014 WL 2801337, at *4 (E.D. Ky. June 19, 2014).

**2. State Law Claims**

Having found no constitutional violations by Deputy Johnson or Sheriff Hampton in this case, the Court will decline to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims against all defendants. *See* 28 U.S.C. § 1367(c). "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). However, dismissal of the plaintiffs' state law claims is without prejudice, and the plaintiffs may elect to pursue those claims in state court.

### III. Conclusion

Accordingly, it is hereby **ORDERED** that:

(1) The Scott County defendants' motion for summary judgment (DE 39) is **GRANTED** in part and **DENIED** in part;

(2) The plaintiffs' claim under 42 U.S.C. § 1983 against the Scott County defendants is **DISMISSED** with prejudice;

(3) The plaintiffs' claim under 42 U.S.C. § 1983 against unknown defendants is **DISMISSED** without prejudice;

(4) The plaintiffs' state law claims against all defendants are **DISMISSED** without prejudice;

(5) The Scott County defendants' supplemental motion for summary judgment (DE 60) is **DENIED** as moot; and

(6) A separate judgment shall issue.

Dated September 14, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY